Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BOHLER ENGINEERING PA, LLC )
and BOHLER ENGINEERING, P.C., )
)
    Plaintiffs, )    Civ. Action No. 2:18-cv-03202-JHS
)
v. )
)
GEORGE CRESSMAN, )    **FILED**
MAXIMILIANO BUSTOS, and )
KIMLEY-HORN AND )    MAR 2 1 2019
ASSOCIATES, INC., )
)    KATE BARKMAN, Clerk
    Defendants. )    By_____Dep. Clerk

## FINAL CONSENT ORDER
## AS TO INDIVIDUAL DEFENDANTS

AND NOW, on this 2/ST day of ~~December, 2018~~ MARCH, 2019, upon this Final Consent Order, being jointly proposed by Plaintiffs, Bohler Engineering PA, LLC (formerly known as "Bohler Engineering, Inc.") ("Bohler PA" or "Employer") and Bohler Engineering, P.C. ("Bohler PC") (collectively "Bohler" or "Plaintiffs"),[1] and the individually-named Defendants, George Cressman ("Cressman") and Maximiliano Bustos ("Bustos") (collectively "Individual Defendants"), (collectively the "Parties"), for good cause shown, and the Court having determined that this Final Consent Order should be entered for the reasons and on the terms set forth herein, the Court hereby finds and orders as follows:[2]

---

[1] For purposes of this Order, the "Company" shall mean the Employer and Bohler Engineering, P.C. and their Affiliates, as well as any successor in interest, including without limitation, any assignee or purchaser of all or any portion of Company.

[2] Individual Defendants consent to and enter into this Final Consent Order as part of a confidential settlement because they desire to avoid the burden, expense, and uncertainty of

1

Case 2:18-cv-03202-JHS   Document 23-1   Filed 03/21/19   Page 2 of 12

<u>FINDINGS</u>[3]

1.      The findings set forth in the "Consent Injunction Order as to Individual Defendants", which was entered by the Court on or about August 7, 2018, are adopted and incorporated by reference by the Parties as if set forth fully herein.  Furthermore, based upon the record developed to date, for purposes of this Final Consent Order as to Individual Defendants, the Court further finds that Plaintiffs are likely to succeed in establishing the following:

a.      On or about August 27, 2014, as a condition of new employment with Bohler Engineering PA, LLC, Cressman signed and agreed to the Non-Compete Assignment and Adoption Agreement ("Non-Compete Agreement"), a true and accurate copy of which is attached hereto as **Exhibit 1**;

b.      On or about August 31, 2014, Bohler Engineering, Inc. terminated the employment of all employees, including Cressman; and

c.      Cressman continued his employment with Bohler PA until on or about July 18, 2018.

<u>MATERIAL REPRESENTATIONS BY DEFENDANTS</u>

2.      As a material condition of the Parties' confidential settlement, and the Court's approval of this Final Consent Order, Individual Defendants each separately represent and warrant the following: (a) he does not have within his possession, custody, or control any

---

litigation. However, nothing herein shall be deemed or construed to be an admission by any Party.

[3] Any Capitalized Term not defined in this Order shall be defined as stated in Cressman's and Bustos's respective Employment and Confidentiality Agreements.

Case 2:18-cv-03202-JHS   Document 23-1   Filed 03/21/19   Page 3 of 12

Document[4] reflecting or containing any confidential or trade secret information of the Company, and (b) he has not disclosed to any person or entity any confidential or trade secret information of the Company.

4.    By signing this Consent Injunction Order, and as a material condition of this Order, Individual Defendants each represent to Plaintiffs, and to this Court, that they have not retained (or knowingly allowed any other person or entity to retain) possession, custody, or control of any of (i) Plaintiffs' tangible property, (ii) Plaintiffs' confidential, trade secret or proprietary information in any form or format, or (iii) any copies or summaries of any of Plaintiffs' confidential, trade secret or proprietary information.

**IT IS HEREBY ORDERED AND DECREED THAT:**

1.    Plaintiffs' request for permanent injunctive relief is **GRANTED**.

---

[4] For purposes of this Section 2 of this Final Consent Order, "Document" shall be construed in the broadest sense to include written, punched, taped, filmed, and graphic matter of every kind and description, as well as any other data compilation of every kind and description, however produced or reproduced, from which information may be obtained, whether printed or reproduced by any process, or written and/or produced by hand, whether final or draft, original or reproduction, including, but not limited to: letters, correspondence, e-mails, text messages, facsimiles, telexes, telegrams, teletype or telefax messages, memoranda, online postings, magazines, newspapers, advertisements, periodicals, bulletins, circulars, brochures, pamphlets, statements, notices, advertising layouts, trade letters, press releases, reports, rules, regulations, directives, minutes of meetings, records, interoffice communications, drafts, notes, summaries, compilations, contracts, agreements, purchase orders, bills of material, packing slips, financial statements, ledgers, books of account, spreadsheets, proposals, prospectuses, offers, orders, purchase orders, quotations, requests for quotations, invoices, receipts, working papers, manuals, desk calendars, appointment books, diaries, routing slips, timesheets, logs, movie tapes, videotapes, records, designs, drawings (formal and informal), diagrams, prints, blueprints, layouts, sketches, plans, guidelines, graphs, charts, photographs, photographic negatives, vendor reports, mechanical drawings, engineering drawings, market data, accounting data, electronic data, data processing printouts and computation (both in existence and stored in memory), mechanical and electrical sound recordings and/or transcriptions thereof, transcriptions of oral statements or testimony, personal notebooks, recorded conversations on tape or other storage media, and any and all data compilations or information resources from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form.

2.      Individual Defendants shall comply and abide in all material respects with (a) the material representations made by Individual Defendants herein above, and (b) their respective Employment Agreement, Non-Compete Agreement, and Confidentiality Agreement,[5] by, *inter alia*:

a.      refraining from using, disclosing, or revealing for the benefit of themselves or any other Person any Confidential Information belonging to the Company;

b.      refraining from directly or indirectly soliciting the Employer's Clients, Customers, Solicited Prospects, and Prospective Customers to purchase or contract for any product or service in the Restricted Area that is competitive with the Employer in the Company Business; (Cressman only);

c.      requesting, encouraging, influencing, or inducing, directly or indirectly, any Client, Solicited Prospect, Customer, or Prospective Customer of the Employer or any other Person sharing a business relationship with the Employer to curtail, cancel, modify, or otherwise change their business relationship with the Employer, or otherwise interfere with or disrupt the Employer's relationship with such Client or Solicited Prospect of the Employer or other Person; (Cressman only);

d.      performing any work or services in the Company Business in the Restricted Area for any Client, Solicited Prospect, Customer, or Prospective Customer of the Employer in any capacity in which Cressman provided or oversaw functions that could benefit

---

[5] Any restricted time period for any post-employment restrictive covenant in Cressman's Employment Agreement or Non-Compete Agreement and in Bustos's Confidentiality Agreement (whether or not specifically referenced in this Final Consent Order) shall be extended by Order of this Court, with the consent of Cressman and Bustos, by an amount of time equal to the difference between their last respective dates of employment with Bohler PA and August 7, 2018 (i.e., the date the Court entered the "Consent Injunction Order With Respect to Individual Defendants.")

from his knowledge of the Confidential Information of the Employer or the Company or from any goodwill between Cressman and any Client or Solicited Prospect of the Employer resulting from or enhanced by Cressman's employment with the Employer, including without limitation (a) as an employee or consultant of a Client or Solicited Prospect of the Employer or any other Person, (b) in self-employment, or (c) as a partial interest holder of a Client or Solicited Prospect of the Employer or any other Person; (Cressman only);

   e. pursuing or accepting any opportunity identified using or relying upon the Employer's and/or the Company's Confidential Information;

   f. refraining from participating in any efforts or actions by Kimley-Horn (or any other Person) to solicit or service any of the Employer's Clients, Solicited Prospects, Customers, or Prospective Customers, or any business opportunity he identified or learned of during his employment with Bohler PA; (Cressman only);

   g. returning to the Employer all of its or the Company's Confidential Information before the date of entry of this Consent Injunction Order; and,

   h. refraining from directly or indirectly, or in any other capacity whatsoever, inducing or attempting to induce any person employed, retained, or engaged by the Employer and/or the Company to: (i) terminate such employment or engagement, (ii) accept employment or engagement with any Person other than the Employer and/or the Company; (iii) interfere with the Employer's and/or the Company's business; and/or (iv) disparage the business or reputation of the Employer and/or the Company or any of its or their shareholders, members, owners, directors, officers, employees or other agents (Cressman only).

   3. In addition to any restriction imposed by either Cressman's Employment Agreement or Non-Compete Agreement ( in the case of Cressman) or Bustos' Confidentiality

Agreement (in the case of Bustos), to the extent they (or any one of them) unlawfully accessed, received, used, copied, and/or otherwise removed the Employer's and/or the Company's Confidential Information and used such Confidential Information in order to identify, solicit, or service any of the Employer's Clients or Solicited Prospects or any of the Company's Customers or Prospective Customers, Individual Defendants are further restrained and enjoined from, directly or indirectly, or in any other capacity whatsoever, soliciting, consummating, or accepting business from same for a period of three (3) years from the entry of Consent Injunction Order With Respect to Individual Defendants;

4.      Individual Defendants shall not accept the benefit of or consummate any solicitation, proposal, or contract that was (a) identified, solicited, or obtained using any of the Employer's and/or the Company's Confidential Information received from (or as a result of any act or omission of) Cressman or Bustos, or (b) solicited or otherwise obtained as a result of any breach or violation of Cressman's Employment Agreement or Non-Compete Agreement and/or Bustos's Confidentiality Agreement;

5.      To the extent he has not already done so, Defendant Cressman, shall prior to entry of this Final Consent Order reasonably search any personal and business email account(s), mobile phone(s), other accounts or device(s) on which he sent, received, stored, or otherwise accessed any text, voicemail, message, email, attachment or other file containing or reflecting any of the Employer's and/or the Company's Confidential Information for any purpose, including, but not limited to, emails to and from Cressman's personal email account (cressmanjr@live.com), in order search for and permanently delete (and not retain in his computer's trash or other accessible storage) any email, file or attachment containing or reflecting any of the Employer's and/or the Company's Confidential Information;

6.     Likewise, to the extent he has not already done so, Defendant Bustos shall prior to entry of this Final Consent Order reasonably search any personal and business email account(s), mobile phone(s), or other accounts or device(s) on which he may have sent, received, stored, or otherwise accessed any text, voicemail, message, email, attachment or other file containing or reflecting any of Plaintiffs' confidential or trade secret information for any purpose, including, but not limited to, emails to and from Cressman's personal email account (maxbustos85@icloud.com), in order search for and permanently delete (and not retain in his computer's trash or other accessible storage) any email, file or attachment containing or reflecting any of Plaintiffs' proprietary, confidential, and/or trade secret information;

7.     To the extent that Individual Defendants later identify or discover any of the Employer's and/or the Company's property or Confidential Information remaining in his or their possession, custody, or control after entry of this Final Consent Order, Individual Defendants shall (a) immediately notify Plaintiffs' counsel within twenty-four (24) hours of discovering such retained possession, (b) follow the Employer's and/or the Company's reasonable directives for the immediate return of any such property or Confidential Information, (c) confirm in writing compliance with the Employer's and/or the Company's directives, and (d) not use or disclose any such property or Confidential Information for any other purpose;

8.     Any bond requirement is waived by agreement of the Parties; and

9.     The Parties shall, within ten (10) days of the entry of this Order, file a Joint Stipulation of Dismissal; however, this Court shall retain jurisdiction to enforce the terms of this Final Consent Order.

BY THE COURT:

_Joel Slomsky_
Slomsky, U.S.D.J.

7

**AGREED AND CONSENTED TO BY:**

_____                    DATE: _____
GEORGE CRESSMAN

                                                   DATE: _____
_____
**MAXIMILIANO BUSTOS**


**BOHLER ENGINEERING PA, LLC**
By: _____                   DATE: _____
Printed Name: _____
Title: _____


**BOHLER ENGINEERING, P.C.**
By: _____                   DATE: _____
Printed Name: _____
Title: _____

8

**AGREED AND CONSENTED TO BY:**

_____     DATE: _____

**GEORGE CRESSMAN**

    DATE: 12/21/18

**MAXIMILIANO BUSTOS**


**BOHLER ENGINEERING PA, LLC**
By: _____     DATE: _____
Printed Name: _____
Title: _____


**BOHLER ENGINEERING, P.C.**
By: _____     DATE: _____
Printed Name: _____
Title: _____

8

**AGREED AND CONSENTED TO BY:**

DATE: _____

**GEORGE CRESSMAN**

DATE: _____

**MAXIMILIANO BUSTOS**

**BOHLER ENGINEERING PA, LLC**
By: _____   DATE: __1/4/2019__
Printed Name: _Jane Leopold-Leventhal_
Title: __Secretary__

**BOHLER ENGINEERING, P.C.**
By: _____   DATE: __1/4/2019__
Printed Name: _Jane Leopold-Leventhal_
Title: __Secretary__

Exhibit A

## NON-COMPETE ASSIGNMENT AND ADOPTION AGREEMENT

IN CONSIDERATION OF AND AS AN INDUCEMENT FOR employment with Bohler Engineering PA, LLC (the "NEW EMPLOYER"), I (sometimes hereinafter referred to as "EMPLOYEE") hereby represent to, and agree with, NEW EMPLOYER and Bohler Engineering, Inc. as follows (EMPLOYEE and NEW EMPLOYER shall be referred to herein as the "Parties"):

WHEREAS, in or about 2013 or 2014, in consideration for EMPLOYEE's employment and/or continued employment with Bohler Engineering, Inc., EMPLOYEE signed and agreed to an "Agreement Concerning Employment, Confidentiality, Non-Solicitation, and Non-Competition" (the "Non-Compete Agreement");

WHEREAS, Bohler Engineering, Inc. is terminating the employment of all of its employees, effective August 31, 2014, and certain of the shareholders of Bohler Engineering, Inc. have or are incorporating NEW EMPLOYER;

WHEREAS, EMPLOYEE is being offered new employment with NEW EMPLOYER, effective September 1, 2014; and

WHEREAS, as a condition of EMPLOYEE's at-will employment with NEW EMPLOYER, EMPLOYEE is signing and agreeing to this Non-Compete Assignment and Adoption Agreement (the "Adoption Agreement").

NOW, THEREFORE, the Parties agree as follows:

1.      As a condition of EMPLOYEE's employment with NEW EMPLOYER, by signing this Adoption Agreement, EMPLOYEE:

      a.  Consents to Bohler Engineering, Inc. assigning the Non-Compete Agreement to NEW EMPLOYER; and

      b.  Acknowledges and agrees that Employee and NEW EMPLOYER hereby adopt the Non-Compete Agreement so that it applies to EMPLOYEE's new employment with NEW EMPLOYER to the same extent as if EMPLOYEE and NEW EMPLOYER had executed and agreed to a new agreement in the form of the Non-Compete Agreement as a condition of EMPLOYEE's new employment with NEW EMPLOYER, but with the definition of "Employer" in the Non-Compete Agreement amended, for purposes of this adoption, to read "*Bohler Engineering PA, LLC, as well as any successor in interest, including without limitation, any assignee or purchaser of all or any portion of Bohler Engineering PA, LLC*".

2.      By signing and agreeing to this Adoption Agreement, the Parties agree that the purpose and effect of this Adoption Agreement shall be that:

      a.  Bohler Engineering, Inc. shall retain the right as the "Employer" to enforce the Non-Compete Agreement, except that in such case EMPLOYEE's termination date for purposes of defining any restriction or restrictive period in the Non-

1

Compete Agreement that is measured based on the date of EMPLOYEE's termination of employment with the "Employer" shall be August 31, 2014;

b.  NEW EMPLOYER, as an assignee, shall have the same rights as Bohler Engineering, Inc. to enforce the Non-Compete Agreement; and

c.  In addition to any assigned right to enforce the Non-Compete Agreement to the same extent as Bohler Engineering, Inc., effective September 1, 2014, NEW EMPLOYER shall also have the right as the "Employer" to enforce the Non-Compete Agreement, as adopted and amended herein, except that in that case EMPLOYEE's termination date for purposes of defining any restriction or restrictive period in the Non-Compete Agreement that is measured based on the date of EMPLOYEE's termination of employment with the "Employer" shall be the effective date of EMPLOYEE's termination of employment with NEW EMPLOYER.

3.  The "General Provisions" in the Non-Compete Agreement are adopted and incorporated by reference as if fully set forth herein, except that NEW EMPLOYER may assign this Adoption Agreement, in whole or in part, and to the extent that this Adoption Agreement and the Non-Compete Agreement conflict in any material respect, the language of this Adoption Agreement shall control.

IN WITNESS WHEREOF, the Parties have executed this Adoption Agreement as of this the 27ᵗʰ day of _August_____ 2014.

Employee:                                    Bohler Engineering, Inc.

George C. Cressman Jr.
612 Brookwood Lane
North Wales, PA 19454

By: _____                       By: _____

Name: George C. Cressman Jr.                Name: Robert Irons

Date:                                        Title: Branch Manager

Bohler Engineering PA, LLC                   Date: 8/27/14

By: _____
Name: AJ VOLANTH
Title: PRESIDENT
Date: 9/8/14

2