Exhibit 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOHLER ENGINEERING PA, LLC<br>and BOHLER ENGINEERING, P.C.,<br><br>Plaintiffs,<br><br>v.<br><br>GEORGE CRESSMAN,<br>MAXIMILIANO BUSTOS, and<br>KIMLEY-HORN AND<br>ASSOCIATES, INC.,<br><br>Defendants. | Civ. Action No. 2:18-cv-03202-JHS<br><br>**FILED**<br>MAR 2 1 2019<br>KATE BARKMAN, Clerk<br>By_____ Dep. Clerk |

## FINAL CONSENT ORDER WITH RESPECT TO
## KIMLEY-HORN & ASSOCIATES, INC.

AND NOW, on this 21ST day of MARCH, 2019, upon this Consent Order, being jointly proposed by Plaintiffs, Bohler Engineering PA, LLC (formerly known as "Bohler Engineering, Inc.")("Bohler PA") and Bohler Engineering, P.C. ("Bohler PC") (collectively "Bohler" or "Plaintiffs"), and Defendant, Kimley-Horn and Associates, Inc. ("Kimley-Horn"), (collectively the "Parties"), for good cause shown, and the Court having determined that this Final Consent Order should be entered for the reasons and on the terms set forth herein, the Court hereby finds and orders as follows:[1]

---

[1] The findings made in the Final Consent Order As To Individual Defendants are adopted and incorporated by reference as if set forth fully herein. However, Defendant Kimley-Horn lacks knowledge or information sufficient to admit or deny the factual allegations in that Order with respect to the alleged activities of Plaintiff, and also with respect to the alleged activities of Defendants George Cressman ("Cressman") and Maximiliano Bustos ("Bustos") (collectively "Individual Defendants") (except as set forth by Kimley-Horn in the "Material Representations" below) and, therefore, those allegations are deemed denied by Kimley-Horn. Defendant Kimley-Horn consents to and enters into this Final Consent Order because it desires to avoid the burden, expense, and uncertainty of litigation. Accordingly, nothing herein (including but not limited to

1

MATERIAL REPRESENTATIONS BY DEFENDANT KIMLEY-HORN

1. By signing this Final Consent Order, as a material condition of this Order, Kimley-Horn represents to Plaintiffs, and to this Court, the following:

   a. Prior to the entry of this Final Consent Order, a qualified computer forensics consultant which Kimley-Horn retained, searched and permanently removed from any Kimley-Horn computer, computer network, email account or servers, thumb drive, hard drive, cloud-based or other account, or any other computer media storage device, location, program, service, or account (collectively "K-H Devices") that was accessed or utilized by Bustos or Cressman (or either of them) during their respective employment with Kimley-Horn, or accessed or utilized by Anthony Caponigro ("Mr. Caponigro") since February 1, 2018, any Bohler documents, communications, emails, or other information (whether or not such information is confidential or trade secret information) which Kimley-Horn produced to Bohler, in response to the previously entered Consent Injunction Order With Respect to Kimley-Horn & Associates, Inc., which order was entered on August 9, 2018 ("Bohler Information"); provided, however, that nothing herein required the removal from archived backup inaccessible to Kimley-Horn (non-IT) employees;

   b. Kimley-Horn agrees not to use or disclose any of the Bohler Information;

   c. After reasonable search, and subject to paragraph 1(a) above, Kimley-Horn has no knowledge of any confidential or trade secret information of Bohler in the possession, custody, or control of any current shareholder, owner, member, director, officer, employee, former employee, agent, or independent contractor of Kimley-Horn, or stored on any of the K-H Devices.

---

the incorporation by reference of the factual findings in the Consent Order as to Bustos and Cressman) shall be deemed or construed to be an admission by Kimley-Horn.

**IT IS HEREBY ORDERED AND DECREED THAT:**

1. Plaintiffs' request for temporary and preliminary injunctive relief with respect to Defendant Kimley-Horn is **GRANTED** as follows.

2. Kimley-Horn and its shareholders, members, owners, directors, officers, employees, independent contractors, and other agents, including, without limitation, Anthony Caponigro, shall (a) abide by the material representations made by Kimley-Horn herein above, (b) shall abide by and not breach the Confidential Settlement Agreement signed and agreed to by the Parties to the above-captioned litigation, which is adopted and incorporated by reference as if fully set forth in this Final Consent Order, and (c) shall also not knowingly retain or use any of Plaintiffs' confidential or trade secret information to the extent any was received from (or as a result of any act or omission of) Cressman or Bustos;

3. Defendant Kimley-Horn is restrained and enjoined from, directly or indirectly, or in any other capacity whatsoever, soliciting, consummating, or accepting business from any Bohler client or prospective client to the extent any Defendant, as a result of any act or omission of Cressman and/or Bustos, unlawfully received, accessed, copied, and/or otherwise removed, received, relied upon, referenced, or used Bohler's confidential or trade secret information to identify, solicit, or service such business opportunity, client, or prospective client;

4. Defendant Kimley-Horn shall not accept the benefit of or consummate any solicitation, proposal, or contract that was (a) identified, solicited, or obtained using any of Bohler's confidential or trade secret information received from (or as a result of any act or omission of) Cressman or Bustos, or (b) solicited or otherwise obtained as a result of any breach or violation of Cressman's Employment Agreement and/or Bustos's Confidentiality Agreement;

5. To the extent that Defendant Kimley-Horn identifies or discovers any of Bohler's property or confidential and/or trade secret information remaining in its possession, custody, or control after entry of this Consent Injunction Order, Defendant Kimley-Horn shall immediately both notify Plaintiffs' counsel and return such property or confidential and/or trade secret information and, further, Defendant Kimley-Horn shall not retain or use any such Bohler property or confidential and/or trade secret information for any other purpose;

6. Within ten (10) days of the entry of this Final Consent Order, Kimley-Horn shall produce to Plaintiffs' counsel of record an affidavit from its computer forensics consultant certifying that it has completed the process described above and required by Paragraph 1.a. above.

7. Any bond requirement is waived by agreement of the Parties; and

8. Upon completion of the forensic process outlined above, the Parties shall, within ten (10) days thereafter, file a Joint Stipulation of Dismissal; however, this Court shall retain jurisdiction to enforce the terms of this Final Consent Order.

BY THE COURT:

_Joel Slomsky_
Slomsky, U.S.D.J.

**AGREED AND CONSENTED TO BY:**

KIMLEY-HORN AND ASSOCIATES, INC.
By: _Melinda Balli_
Printed Name: Melinda Y. Balli
Title: Chief Litigation Counsel

DATE: 1-7-19

BOHLER ENGINEERING PA, LLC
By: _____
Printed Name: Jane Leopold-Leventhal
Title: Secretary

DATE: 1/4/2019

4

BOHLER ENGINEERING, P.C.
By: _____
Printed Name: Jana Leopold-Leventhal
Title: Secretary

DATE: 1/4/2019